In re Petition for DISCIPLINARY ACTION AGAINST David A. JOHNSON, an Attorney at Law of the State of Minnesota.

No. C4-88-861.

Supreme Court of Minnesota.

May 10, 1988.

## ORDER

By petition dated April 6, 1988, the Director of the Office of Lawyers Professional Responsibility alleged that the respondent David A. Johnson, an attorney at law admitted to practice before the courts of this state, had violated certain rules of professional conduct subjecting him to disciplinary sanctions to be imposed by this court. Following the service of the petition, the Director and the respondent entered into a stipulation. By the terms of the stipulation, the respondent waived his right to interpose an answer and to contest the petition, waived his right to have a panel proceedings under Rule 9, Rules on Lawyers Professional Responsibility (RLPR), and waived all rights afforded to an attorney accused of professional misconduct under Rule 14, RLPR. In the stipulation the respondent admitted from December 1986 through September 1987 he had comingled law office funds with client trust funds and had failed to maintain required trust account and law office general account books and records causing unintentional temporary shortages in his trust account in small amounts. He admitted that he had likewise falsely certified on his annual attorney registration statement that his books and records were maintained in compliance with Rule 1.15(h), Minnesota Rules of Professional Conduct. That conduct violated Rules 1.15 and 3.3(a)(1), MRPC, and Amended Opinion 9 of the Lawyers Professional Responsibility Board. In the stipulation respondent likewise admitted that from April 1 to December 2, 1986, and from April 1 to June 7, 1987, respondent practiced law while under automatic suspension due to nonpayment of his attorney registration fee in violation of Rules 3.4(c) and 5.5(a), Minnesota Rules of Professional Conduct and Rule 3, Rules for Registration of Attorneys. The Director and the respondent in the stipulation joined in recommending that the respondent receive a public reprimand and a supervised probation subject to certain conditions.

The court having examined the petition and having examined the stipulation filed herein adopts the terms of the stipulation and ORDERS:

1. The respondent David A. Johnson is hereby publicly reprimanded.

2. From the date of this order and for two years the respondent herein shall be under probation. The terms of the probation are as follows:

   a. Respondent shall promptly and timely pay his attorney registration fees on or before the due date.

   b. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of the probation. If he fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to him as supervisor. The supervisor so denominated shall file written reports with the Director at least quarterly or at such other more frequent intervals as may be reasonably requested by the Director.

   c. The specific term of the probation shall be full cooperation by the supervisor and the respondent with the Director's office in the monitoring of compliance with probation and in any further investigations concerning unprofessional conduct allegations which may arise.

   d. Respondent shall immediately establish a system to maintain books and records concerning law office income and expenses and funds held on behalf of clients to be in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion 9. All books and records of respon-

dent's law practice, upon request, shall be subject to review by the Director and by the respondent's supervisor.

e. The supervising attorney shall have the duty of periodically reviewing respondent's books, records, ledgers and accounts pertaining to respondent's office and trust accounts to ensure compliance with Rule 1.15, MRPC, and LPRB Opinion 9.

f. Quarterly reports shall be filed by the respondent and the supervisor concerning the status of all matters then being handled by respondent and concerning compliance with the terms and conditions of the probation.

g. If during the time of the probation, after having given the respondent an opportunity to be heard, the Director concludes that respondent has failed to comply with the terms and conditions of the probation or has committed a violation of the Rules of Professional Conduct, the Director may file a petition for disciplinary action against respondent in this court without the necessity of any panel proceedings. In such case the petition may include the allegations of unprofessional conduct referred to herein as well as any additional matters which may have subsequently come to light.

3. Within 30 days from the date hereof, respondent shall pay to the Director's office $750 in costs pursuant to Rule 24(a), RLPR.